(No. 38378.—<span style="background:black">▮▮▮▮▮▮▮▮</span>

STEPHEN L. WARGO, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.,*—(KNOEDLER MANUFACTURING COMPANY, Appellant.)

*Opinion filed May 20, 1964.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (LYLE W. ALLEN, of counsel,) for appellant.

MCNEILLY & OLIVERO, of Peru, (JOHN OLIVERO, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County reversing a decision of the Industrial Commission, and comes directly to this court by virtue of our Rule 28—1A(e), (28 Ill.2d p. XXVIII,) effective January 1, 1964.

It was stipulated that Stephen Wargo, an employee of Knoedler Manufacturing Company, sustained accidental injuries arising out of and in the course of his employment. He was grinding a piece of steel with a portable grinder when the emery stone broke and a portion of it struck him on the left side of the face just below the eye. The impact broke his safety glasses, caused a compound fracture of the

left maxillary sinus and disfigured his face with a permanent scar over the maxillary sinus. The arbitrator found that petitioner was entitled to receive $45 per week for 20 weeks for the fracture and a like amount for an additional 20 weeks for the disfigurement. The Industrial Commission limited the award to payment for 20 weeks as compensation for the fracture, under paragraph (d) of section 8 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(d).) The trial court reversed the Commission, reinstated the amount fixed by the arbitrator, and held that petitioner was also entitled to recover under paragraph (c) of section 8 of the act, (par. 138.8(c)) which provides compensation for serious and permanent disfigurement. Paragraph (c), however, contains a limitation reading:

"No compensation shall be payable under this paragraph where compensation is payable under paragraphs (d), (e) or (f) of this Section.

"When the disfigurement is to the portions of the body designated in this paragraph, as the result of any accident, for which accident compensation is not payable under paragraphs (d), (e) or (f) of this Section, compensation for such disfigurement may be had under this paragraph."

The first case to construe paragraph (c), after the amendment adding the paragraph last above quoted, was *Wells Bros. Co.* v. *Industrial Com.* 285 Ill. 647. There, an underground gas explosion caused permanent partial incapacity to the employee's hands and fingers and also disfigurement to the head and face, and this court held that he was entitled to compensation for disfigurement to the head and face and also for incapacity resulting from the other injuries. In citing the *Wells* case with approval, it was said in *International Coal and Mining Co.* v. *Industrial Com.* 293 Ill. 524, 531: "The commission has no power to award compensation for disfigurement of a member and also for the loss of use of such member." Compensation was, nevertheless, approved for both disfigurement and in-

juries because the disfigurement was to the face which was not a compensable injury, while the injuries to the arms and eyes caused disablement which was compensable.

The application of the limiting effect of the statute is well illustrated in *Smith-Lohr Coal Mining Co.* v. *Industrial Com.* 291 Ill. 355, where the employee was struck in the forehead by a lump of coal which fractured his skull, thereby necessitating surgery to remove a part of the skull. That was the only injury and it resulted in a discolored scar disfiguring his forehead. This court reversed the trial court which approved the award of compensation for both the injury and for the resulting permanent disfigurement on the ground that there was but one compensable injury. The case before us is practically identical. The left maxillary sinus was fractured and the impact broke the skin overlying the sinus, leaving a disfiguring permanent scar.

Counsel for the employee argues that the fracture was an injury caused by one piece of the emery wheel while the disfigurement was sustained from a separate piece of the wheel. The record does not bear out the statement that the employee was struck by more than one piece of the broken emery wheel, but even if it did it would have to be shown that the disfigurement was of a different part or member of the body for which accident compensation was not payable before recovery could be had for the disfigurement.

It is also argued that the disfigurement of the face was to a different part of the body than the maxilla. Of course, the skin of the face over the maxillary sinus is different from the sinus underlying the skin, but the simultaneous injury and disfigurement is to the same part of the body. If the injury resulted in a scar without any disablement, compensation would be payable under section (c) for disfigurement. But here, the injury was compensable and the limitation in section (c) prohibits compensation for disfigurement resulting from the same injury.

It is also argued that disfigurement resulted from

surgery and was not compensable because it came at a later date, and the case of *Chicago Home for the Friendless* v. *Industrial Com.* 297 Ill. 286, is cited as stating that if the injury and disfigurement had occurred at the same time, compensation would have been payable for both. This is a misinterpretation of the *Chicago Home* holding. There, the employee suffered an injury which necessitated amputation of her fingers. She developed tetanus which left her face disfigured after the tetanus had subsided. The disfigurement award was reversed by this court. "Compensation has been paid for the temporary disability resulting from the sickness which followed this injury, and the act does not authorize further compensation for a disfigurement resulting from the same sickness." (297 Ill. 286, 288.) Thus, the award was disallowed not because the disfigurement came at a later date, but because the sickness following the injury was compensable and a disfigurement award is prevented by the limitation of section (c).

The judgment of the circuit court of La Salle County is reversed in so far as it approved the award for disfigurement, and in all other respects is affirmed.

*Reversed in part and affirmed in part.*