(No. 39211.—

IRA SAMPSON, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(VIKING FREIGHT COMPANY *et al.,* Appellees.)

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

HANAGAN & DOUSMAN, of Mt. Vernon, for appellant.

EVANS and DIXON, of St. Louis, Missouri, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The sole issue here is whether compensation is payable for both a skull and vertebral fracture suffered in the same accident.

The arbitrator awarded compensation for the full period of 60 weeks for the fracture of a body of a vertebra and for a like period for a fractured skull. The Industrial Commission partially reversed and awarded 60-weeks compensation for the fractured vertebra (in addition to temporary total disability compensation) but made no award for the fractured skull. The circuit court of Marion County affirmed.

It is conceded that the injuries resulted in both the skull fracture and the fractured vertebra and that they arose out of and in the course of plaintiff's employment. The answer hinges upon the validity of the statute which provides 60 weeks compensation for a fracture of the skull and a like amount for a fractured vertebra, but limits an award by section 8(d) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(d)) in the following language: "and [if] no compensation is awarded for a fracture of a body of a vertebra, and when an accidental injury has been sustained which results in a fracture or fractures to the skull, compensation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability."

It is contended by the employee that the first clause of the above quotation is unconstitutional as violative of due process and equal protection guaranted by the 14th amendment in that such a classification is discriminatory.

The discrimination theory has considerable surface appeal but does not stand up when section 8(d) is read in whole against the back-drop of the act and its history. Prior to 1945 injuries to the back were compensated solely on the wage differential (decreased earning power) or permanent total disability provisions then in force. In that year a proviso was added to section 8(d) that "if no compensation is awarded under the foregoing provisions" (referring to decreased earning power) compensation for a fracture of the body of a vertebra resulting in a loss of function of the back could be awarded for 30 weeks (raised to 60 weeks in 1947). In 1955 the restriction "loss of function of the back" was eliminated and 60 weeks was provided for a fractured skull with the limitations that it be payable only if no compensation is awarded for loss of earnings provided in the first paragraph of section 8(d) or for specific loss or loss of use of a member caused by a vertebral injury or fractured skull or for a fracture of the vertebra.

It will thus be noted that the provisions for 60-weeks compensation are unrelated to the employee's ability to work or the severity of the fracture. If he sustains a fracture of either the body of a vertebra or the skull, or both, neither of which result in loss of earning power he, nevertheless, would be compensated for 60 weeks. On the other hand, if he has a more severe fracture of either or both for which a 60-week benefit would be insufficient, he would be entitled to an award based upon his decreased earning power in lieu of the 60-week provision. Under such circumstances we cannot say that there is discrimination against an employee who suffers fractures of both members and is limited to compensation for 60 rather than 120 weeks. The legislature could reasonably conclude that the fracture of a body of a vertebra

and a skull fracture, in the absence of decrease in earning power, should not be eligible for more compensation than that payable for either of the injuries alone. It has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible. The limiting of awards has been recognized and approved by this court. For example, in *Wargo* v. *Industrial Com.* 31 Ill.2d 143, we held that where compensation was allowed for fracture of a maxillary sinus the legislature could prohibit awards for disfigurement of that area of the face.

In this case there is no question but that both a fracture of a body or bodies of one or more vertebrae and a fracture of the skull were sustained, but the record is devoid of proof of any loss of earning power or that there is any residual disability. The stipulation shows that all necessary first aid, medical, surgical and hospital services had been paid by the employer and that it had paid temporary compensation of $55 per week for a total of $950.71. We therefore hold that the award of 60-weeks compensation under section 8(d) complied with the statute and that the limitation to 60 weeks is not violative of the constitution.

The judgment of the circuit court of Marion County is affirmed.

*Judgment affirmed.*