(No. 40140.—

WILLIAM SAXTON, d/b/a FAIRVIEW TEXACO, Appellant, *vs*. THE INDUSTRIAL COMMISSION *et al.*—(CARL NELSON POWELL, Appellee.)

*Opinion filed January 19, 1967.*

454

VAN DUZER, GERSHON & JORDAN, of Chicago, and WILLIAMS, MCCARTHY, KINLEY & RUDY, of Rockford, (JOHN B. VAN DUZER and JOHN R. KINLEY, of counsel,) for appellant.

ROSZKOWSKI AND PADDOCK, of Rockford, (STANLEY J. ROSZKOWSKI, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Winnebago County sustaining the Industrial Commission's affirmance of a workmen's compensation award.

The facts are undisputed. On September 27, 1964, claimant Carl Nelson Powell, then a tenth-grade student employed part time by a Texaco gas station, while driving his car in the course of his employment collided with another car, sustaining a fracture of the occipital bone of the skull and fractures of both the right and left mandibles (jaw bones). Claimant was permitted to return to school on October 30, 1964, but was told by his doctor not to participate in athletic events and therefore took a modified physical education course. He completed the school year ending June 7, 1965, and was released to return to work by his treating physician on June 14, 1965. He has since been employed.

The arbitrator awarded claimant temporary total disability payments for the period from September 27, 1964, to

June 7, 1965, and further allowed 60 weeks compensation for the skull fracture and an additional 20 weeks for the fractured mandibles.

Section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(d) contains the controlling statutory provisions and is as follows:

"(d) If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph (e) of this Section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (b) and (h) of this Section, equal to 65% of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident.

"Such percentum of 65% shall be increased in the following cases to the following percentages:

70% in case of 1 such child;

75% in the case of 2 such children;

80% in the case of 3 or more such children.

"If no compensation is awarded under the foregoing provisions of this paragraph, and when an accidental injury has been sustained which results in a fracture or fractures of the body or bodies of one or more vertebrae, compensation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability, such compensation to be in lieu of all compensation specified hereinbefore by this paragraph; provided, however, that no compensation may be allowed for fractured vertebrae or fractured skull where there is awarded compensation for specific loss or loss of use of a member or members caused in whole or in part by such vertebral injury or fractured skull; provided further that the surgical removal of a part of a vertebra or fracture of the coccyx shall not constitute a fractured vertebra within

the meaning of this paragraph. If no compensation is awarded for loss of earnings as hereinbefore provided under the provisions of the preceding paragraph, and no compensation is awarded for a fracture of a body of a vertebra, and when an accidental injury has been sustained which results in a fracture or fractures to the skull, compensation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability. The term 'fracture or fractures of the skull' as used in this paragraph means, and is limited to, fracture or fractures of the bones enclosing the cranial cavity. If no compensation is awarded for loss of earnings, as hereinbefore provided under the provisions of the preceding paragraph, and an accidental injury has been sustained which results in a fracture or fractures of the following facial bones: nasal, lachrymal, vomer, zygoma, maxilla, palatine or mandible; compensation shall be allowed for an aggregate period up to 20 weeks in addition to compensation for temporary total incapacity."

Appellant initially maintains that the circuit court erred in its construction of the statute when it allowed an award to stand which grants 60 weeks compensation for a skull fracture and an additional 20 weeks for fractures of both mandibles where both injuries arise out of the same accident. It is argued that section 8(d) does not authorize such an award, and if it does, the statute violates the equal-protection clause of the 14th amendment to the United States constitution and section 22 of article IV of the Illinois constitution as being arbitrary and capricious.

In *Sampson* v. *Industrial Com.* 33 Ill.2d 301, the claimant had sustained fractures of his skull and the body of a vertebra in a work-connected accidental injury. The there pertinent language of section 8(d) is as follows: "If * * * *no compensation is awarded for a fracture of a body of a vertebra,* and when an accidental injury has been sustained which results in a fracture or fractures to the skull, compen-

sation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability." (Emphasis ours.) It was thus clear that section 8(d) does not contemplate the allowance of compensation for a period of 60 weeks for a vertebral body fracture and also an additional 60 weeks compensation for a skull fracture, where both injuries are contemporaneously sustained. We held that the General Assembly could reasonably limit the aggregate period of compensation to 60 weeks for an injury resulting in fractures of both the skull and the body of a vertebra, reasoning as follows (33 Ill.2d at pages 303-04):

"It will * * * be noted that the provisions for 60-weeks compensation are unrelated to the employee's ability to work or the severity of the fracture. If he sustains a fracture of either the body of a vertebra or the skull, or both, neither of which result in loss of earning power he, nevertheless, would be compensated for 60 weeks. On the other hand, if he has a more severe fracture of either or both for which a 60-week benefit would be insufficient, he would be entitled to an award based upon his decreased earning power in lieu of the 60-week provision. Under such circumstances we cannot say that there is discrimination against an employee who suffers fractures of both members and is limited to compensation for 60 rather than 120 weeks. The legislature could reasonably conclude that the fracture of a body of a vertebra and a skull fracture, in the absence of decrease in earning power, should not be eligible for more compensation than that payable for either of the injuries alone. It has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible. The limiting of awards has been recognized and approved by this court. For example, in *Wargo* v. *Industrial Com.* 31 Ill.2d 143, we held that where compensation was allowed for fracture of a maxillary sinus the legislature could prohibit awards for disfigurement of that area of the face."

The amendment of 1959 to section 8(d) specifically in

question here provides: "The term 'fracture or fractures of the skull' as used in this paragraph means, and is limited to, fracture or fractures of the bones enclosing the cranial cavity. If no compensation is awarded for loss of earnings, as hereinbefore provided under the provisions of the preceding paragraph, and an accidental injury has been sustained which results in a fracture or fractures of the following facial bones: nasal, lachrymal, vomer, zygoma, maxilla, palatine or mandible; compensation shall be allowed for an aggregate period up to 20 weeks in addition to compensation for temporary total incapacity."

It will be immediately seen that, unlike the portion of section 8(d) dealing with skull-vertebral body fractures under inquiry in *Sampson*, the amendment thereto under discussion here does not specifically condition the allowance of up to 20 weeks compensation for the fracture of one or more of the enumerated facial bones other than the skull upon the nonexistence of a contemporaneous award for the fracture of another bone or bones. Nevertheless, it would seem that the allowance of up to 20 weeks compensation for fractured facial bones is contemplated only "in addition to compensation for temporary total· incapacity" and not in addition to both temporary total and a specific award for the fracture of another bone or bones. Further, we believe it apparent from a reading of section 8(d) in its entirety that the General Assembly has legislatively recognized the relative seriousness of the particular types of fractures dealt with therein which may be the subject of a specific·award in the absence of an award under the first paragraph of section 8(d). Thus, for the fracture or fractures of the skull, a claimant may be entitled to 60 weeks compensation; for a vertebral body or bodies, 60 weeks; for both the skull and a vertebral body or bodies, 60 weeks (*Sampson*); but for one or more of the enumerated facial bones other than the skull, only up to 20 weeks. Since, under this legislative

classification scheme, the fracture or fractures of a verte-
bral body or bodies is recognized as substantially more seri-
ous than a fracture or fractures of the mandibles, an acci-
dental injury resulting in both the fracture or fractures of
the skull and a vertebral body or bodies must be deemed at
least as serious an injury as one resulting in the fracture
or fractures of the skull and mandibles. However, under the
interpretation given section 8(d) by the Industrial Com-
mission and circuit court herein, a claimant suffering the
latter injury may recover up to 20 weeks more compensation
than one who has suffered the former. Such a result evinces
manifest inconsistency and discrimination which we would
not be justified in holding was legislatively intended.

It is well established that a statute will be, if possible,
construed so as to avoid invalidity (*Pliakos* v. *Liquor Con-
trol Com.* 11 Ill.2d 456, 459-60; *People* v. *Dale,* 406 Ill. 238,
247.) We accordingly conclude that a claimant who receives
an award of 60 weeks compensation for an accidental in-
jury resulting in a fractured skull, may not be awarded ad-
ditional compensation for simultaneously sustained frac-
tures of the mandibles. The award herein must therefore be
set aside insofar as it allows an additional 20 weeks compen-
sation for such fractures.

Appellant further urges that the award of temporary
total disability payments is against the manifest weight of
the evidence insofar as compensation was allowed after
October 30, 1964, the date of claimant's return to school.
Although it is apparent that claimant did carry a full aca-
demic work load after such date, he was required to take a
"modified" physical education course, was told not to par-
ticipate in athletic events for the remainder of the school
year ending June 7, 1965, and was not released to perform
even "light work" until June 14, 1965. Under these circum-
stances, we cannot say that the allowance of temporary total
incapacity compensation from the date of the accident until

June 7, 1965, is against the manifest weight of the evidence.

For the foregoing reasons the award to claimant for fractured mandibles is set aside, and the judgment of the circuit court is otherwise affirmed.

*Affirmed in part and reversed in part.*