(No. 42667.—

R. C. MAHON Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EUGENE WATTS, Appellee.)

*Opinion filed May 27, 1970.*

John E. Cassidy, Jr., of Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellant.

W. H. Beckwith, of Mathis, Sloan & Littler, of Peoria, for appellee.

Mr. Justice Crebs delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County sustaining the Industrial Commission's affirmance of a workmen's compensation award.

There is no dispute on the facts. Claimant sustained accidental injuries arising out of and in the course of his employment on February 22, 1966. He was awarded temporary total incapacity payments of $76 per week for 31 weeks, $60 per week for 54¼ weeks for 35% loss of use of his right foot, and $68 per week for 60 weeks for fracture of the first lumbar vertebra.

The sole issue presented here is whether under the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.8) claimant is entitled to recover compensation for a fractured vertebra under section 8(d) and additional compensation under section 8(e) for loss of use of his right

foot when the injuries were incurred in the same accident, or whether, as contended by appellant, he is limited to a recovery for one or the other, but not both.

In support of his argument appellant cites portions of the alleged limiting language of the two sections 8(d) and 8(e), as follows:

"(d) * * * Provided, however, that no compensation may be allowed for fractured vertebrae * * * where there is awarded compensation for specific loss or loss of use of a member or members caused in whole or in part by such injury. * * *

"(e) * * * the employee shall receive compensation for the period of temporary total incapacity * * * and shall receive in addition thereto such compensation * * * for the specific loss herein mentioned, but shall not receive any compensation under any other provisions of this Act."

Appellant contends that the two sections are mutually exclusive and recovery under one precludes recovery under the other. We cannot agree. Despite the able argument of counsel we believe that the limiting language of section 8(d) was designed to and does prohibit merely the pyramiding of recoveries for one injury. In other words, where the only injury is to the vertebra and that injury in turn causes a loss of use of a foot there can be no additional recovery for the latter, as it arose wholly out of the injury to the vertebra and not out of a separate injury incurred in the same accident. We have previously considered a similar question in *Slago Coal Co.* v. *Industrial Com., 293* Ill. *271.* There we recognized that an employee may recover for partial incapacity for work and also for loss of use of a member where the injuries causing the partial incapacity and those causing the loss of use were separate and distinct. However, because there was evidence of only one injury and that one injury caused both the partial incapacity and the loss of use of an arm we denied the double compensation

previously awarded by the Commission. In the present case the injuries sustained by claimant were separate concurrent injuries, one to the vertebra and one to the heel causing loss of use of the foot. The injury to the foot was not caused in whole or in part by "such injury" to the vertebra. Under such circumstances the limiting language of section 8(d) does not apply and claimant is entitled to a recovery for each injury.

Appellant's second argument would limit claimant to a recovery for loss of use of his foot under section 8(e) because such section expressly conditions compensation thereunder to the fact that a claimant "shall not receive any compensation under any other provisions of this Act", and, having already recovered under section 8(d) for injury to this vertebra, he cannot also recover under section 8(e) for injury to his foot. This is a strained construction of language and intent. Reading the Act as a whole, and not taking a phrase out of context, it is clear that the limitation merely prohibits additional compensation (for the same injury) under any other provision of the Act. The same reasoning used in *Slago Coal Co.* v. *Industrial Com.,* is applicable here. It is only where one injury causes both losses that a claimant is restricted to one recovery. The conclusion appears to be one of simple logic. Section 8(e) contemplates compensation for certain designated injuries. Claimant incurred such an injury to his foot. It is not the same injury for which he was compensated under section 8(d). Therefore, he is entitled to additional compensation for the separate and distinct injury to his foot.

Appellant has cited *Sampson* v. *Industrial Com.,* 33 Ill.2d 301, and *Saxton* v. *Industrial Com.,* 36 Ill.2d 453, as analagous support for his contentions. We have carefully reviewed these cases and we do not find them applicable.

Appellant makes one further argument that unless the Act is limited to a recovery under either section 8(d) or section 8(e), but not both, it would permit greater compen-

484

sation for lesser injuries than those which are expressly limited to 60 weeks by section 8(d), and that such legislative classification would therefore be arbitrary, capricious and unconstitutional. He states that injuries which destroy or inhibit future earning power are much more serious than those that do not, and that if the Act can be construed to authorize compensation under both sections when there has been no reduction or loss of future earnings, then the Act has serious constitutional infirmities. We do not agree with appellant's conclusions. The provisions for 60-weeks compensation are not related to an employee's ability to work. These benefits are for separate injuries incurred in the absence of a loss of future earning power. If the injuries were found to be more serious so as to affect an employee's future earning power, then he would be entitled to an award based on this decreased earning power in lieu of the 60-weeks provisions. Further, the legislature has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible. (*Sampson* v. *Industrial Com.*, 33 Ill.2d 301.) We therefore hold that under the circumstances here involved awards under both sections 8(d) and 8(e) are not violative of the constitution.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*