294 A.2d 398.

DOLORES ANN MATTHEWS *vs.* FALVEY LINEN SUPPLY, INC.

AUGUST 28, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is an employee's original petition for compensation under the Workmen's Compensation Act. The petition was heard by a trial commissioner, who thereafter, on April 7, 1971, entered a decree in which he found that the petitioner had sustained third-degree burns on her left arm while working as a shirtpresser in a laundry; that the injury was sustained in the course of her employment, connected therewith, and referable thereto; and that by reason of such injury the petitioner was totally incapacitated for work for the period beginning May 11, 1970, and ending on December 12, 1970. The trial commissioner also found that the "[p]etitioner's left arm has been rendered permanently disfigured as a result of the effects of such third degree burns * * *" and awarded compensation for a period not to exceed 100 weeks.

The decree of the trial commissioner was appealed to the full commission, and thereafter, on October 21, 1971, the full commission entered a decree in which it sustained the decision of the trial commissioner, except for the order therein setting the weekly rate to be paid petitioner for

disfigurement, holding that the trial commissioner had miscalculated the compensation due for disfigurement and for treble compensation. The decree of the full commission corrected this miscalculation but otherwise sustained the findings of the trial commissioner, particularly as to the incapacity of petitioner and her disfigurement. From that decree the employer is prosecuting an appeal to this court.

The respondent argues primarily that the statute, in providing for the payment of compensation for permanent disfigurement, G. L. 1956 (1968 Reenactment) §28-33-19, deprives an employer of property without due process of law as provided by the fourteenth amendment. However, we are persuaded that the real thrust of respondent's argument is that the Legislature cannot in a valid exercise of the police power provide for the payment of compensation for disfigurement without requiring that the disfigurement adversely affect the earning capacity of the injured employee. This conviction gives significance to the fact that the Legislature, by amending §28-33-19(n)(2), specifically provided for the payment of compensation for disfigurement even though the disfigurement had not been shown to have impaired the earning capacity of the injured employee.

The statute prior to its amendment by P. L. 1969, chap. 144, sec. 1, provided that such compensation for disfigurement could be awarded only where it was shown that the disfigurement had diminished the earning capacity of the employee. The statute then read: "For permanent disfigurement about the face, head, neck, hand or arm *which diminishes earning capacity or occasions loss of wage,* the number of weeks, not to exceed three hundred (300) weeks, which according to the determination of the workmen's compensation commission, is a proper and equitable compensation." (emphasis ours) In other words, by striking

from the statute the words underlined above, the Legislature clearly expressed an intent that such compensation could be had without showing that the disfigurement had impaired the earning capacity.

The question, then, with which we are confronted is whether the Legislature may, in a reasonable exercise of the police power, provide for the payment of compensation for permanent disfigurement that does not impair the earning capacity of the injured employee. We cannot agree that providing compensation for disfigurement without requiring a showing of an impairment of the employee's earning capacity is an arbitrary, oppressive, and unreasonable exercise of the police power.

This contention was presented to the Supreme Court of the United States over a half-century ago in *New York Central R.R.* v. *Bianc,* 250 U. S. 596, 40 S.Ct. 44, 63 L.Ed. 1161 (1919), and the Court concluded that there was no constitutional bar to such action by a state Legislature. The Court said at 602-03, 40 S.Ct. at 46, 63 L.Ed. at 1164: "But we cannot concede that impairment of earning power is the sole ground upon which compulsory compensation to injured workmen legitimately may be based. * * * [I]t is proper to say that in our opinion the 'due process of law' clause of the Fourteenth Amendment does not require the States to base compulsory compensation solely upon loss of earning power. * * * And we see no constitutional reason why a State may not, in ascertaining the amount of such compensation in particular cases, take into consideration any substantial physical impairment attributable to the injury, whether it immediately affects earning capacity or not."

While there appears to be a paucity of decisions on the precise issue raised by respondent here, two recent cases very clearly indicate that the courts accept the view that the Legislature has a wide discretion in exercising the po-

lice power and in the enactment of statutes providing for compensation for industrial injuries. *See R. C. Mahon Co.* v. *Industrial Comm'n,* 45 Ill.2d 480, 259 N.E.2d 274 (1970); *Gilbert* v. *Keller,* 8 Ohio Misc. 31, 218 N.E.2d 646 (1966).

Our attention has not been directed to, nor have we in our research found, any decision that is contrary to the rule laid down in *Bianc.* Therefore, it is our conclusion that providing for the payment of compensation for disfigurement without requiring a showing that the disfigurement resulted in an impairment of the earning capacity of the injured employee constitutes a valid exercise of the police power by a state Legislature. From what decisional law is available, it would appear that the controlling issue in these cases is whether, in enacting or amending Workmen's Compensation legislation, the Legislature has disclosed therein an intent that compensation would be payable for permanent disfigurement without the necessity for an employee to prove that the disfigurement impairs his earning capacity.

In 1941 the Legislature of South Carolina amended its Workmen's Compensation statute so as to provide that " * * * in cases of bodily disfigurement it shall not be necessary for the employee to prove that disfigurement handicaps him in retaining or procuring employment, or that it interferes with his earning capacity." Prior to the amendment the South Carolina statute required that bodily disfigurement must affect earning capacity or ability to obtain employment in order to be compensable. *Parrott* v. *Barfield Used Parts,* 206 S. C. 381, 385, 34 S.E.2d 802, 807 (1945). The South Carolina court held that the amendment to the Compensation Act clearly disclosed an intent on the part of the Legislature to compensate for disfigurement without regard to earning capacity. The court said specifically that it was clear from the amend-

ments that " * * * it is now immaterial whether such disfigurement affects the earning power of the employee or his capacity to retain or procure employment, and that a workman is entitled to reasonable compensation for serious bodily disfigurement without regard to earning capacity." *Id.* at 398, 34 S.E.2d at 804-05.

In short, the sound view, in our opinion, is that where the legislation discloses an express legislative mandate that compensation be paid for permanent disfigurement without requiring that the disfigurement impair the earning capacity of the injured employee, the courts will not imply that the fundamental purpose of such statutes, which is to provide compensation for the loss of earnings or earning capacity, can be used to defeat the expression of legislative intent to compensate for the disfigurement. *Dombrowski* v. *Fafnir Bearing Co.,* 148 Conn. 87, 167 A.2d 458 (1961); *Bethlehem-Sparrows Point Shipyard, Inc.* v. *Damasiewicz,* 187 Md. 474, 50 A.2d 799 (1947).

Neither can we agree that the statute awarding compensation for disfigurement is unconstitutionally vague. In our opinion, there are adequate guidelines included within the terms of the statute to satisfy the constitutional requirement of certainty. The Legislature has limited the authority of the commission to award such compensation to a period not to exceed 300 weeks and the disfigurement must be permanent and must appear about the face, head, neck, hand, or arm. We see no merit in this contention.

We have noted also respondent's contention that claims for compensation for disfigurement should be heard by the full commission and not by a single commissioner. The respondent has argued vigorously that here the trial commissioner is charged with evaluating an aesthetic element. However, it is too well settled to require any citation of authority that we cannot concern ourselves with the wisdom of legislation properly enacted by the Legislature and

are persuaded that such a change in the procedure of hearing claims for disfigurement should be sought in the Legislature and not here.

We turn, then, to respondent's contention that the commission erred in awarding treble damages under §28-33-22. That statute provides, in pertinent part: "If, at the time of the injury, the employee injured is a minor employed in violation of any law of this state or of the United States relating to the employment of minors, then the compensation payable shall be treble the amount which would have been payable if such minor had been legally employed." The position of respondent, as we understand it, is that the provision of the above-quoted statute providing for payment of treble damages where a minor is illegally employed should not be applied to the award of compensation for disfigurement. This is to argue that, in enacting §28-33-22 requiring that a minor injured while illegally employed be awarded treble compensation, the Legislature did not contemplate that that statute would apply to an award of compensation for disfigurement under §28-33-19(n)(2).

The full commission, in sustaining the award of treble damages by the trial commissioner, rejected respondent's argument that the statute was not to apply to awards of compensation for disfigurement. The commission took the very simple stand that the statute provides that it shall apply to awards of "compensation" and that this includes compensation for specific losses as well as compensation for loss of wages. We agree with the conclusion reached by the full commission.

It is clear that the statute makes no express exemption of any type of compensation to which an employee may be entitled. It is settled that the provisions of the Workmen's Compensation Act should be construed liberally to effect its obvious purpose. *Perri* v. *Scott Testers, Inc.,* 84

R. I. 91, 121 A.2d 644 (1956). Obviously, to concur in the argument of respondent would be to give the statute a strict rather than a liberal construction.

In *Deignan* v. *Cowan Plastic Products Corp.*, 99 R. I. 193, 206 A.2d 534 (1965), this court concurred in the view generally taken that statutes which provide additional compensation to minors injured while illegally employed were intended not to punish errant employers, but to protect and preserve the health and welfare of minor children. When that interpretation of the statutes is viewed in the light of the requirement for liberal construction thereof, we cannot avoid concluding that the treble damage provisions of §28-33-22 have application in the instant case.

We turn lastly to the respondent's contention that the finding of the commission that the petitioner was totally incapacitated until December 12, 1970, was not supported by any competent evidence in the record and, therefore, should be set aside. We are unable to agree with this contention. We direct attention to the fact that the trial commissioner said that he was "* * * satisfied in the light of Dr. Mariorenzi's opinion that her incapacity for work ceased on December 11, 1970." In this state of the evidence we must conclude that the trial commissioner acted properly in accepting the testimony of Dr. Mariorenzi as to the duration of the total incapacity. That being so, we conclude that there is legally competent evidence in the record that will support the finding that the petitioner's incapacity was total until December 12, 1970.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*James P. Flynn, Thomas F. Fogarty, Jr.,* for petitioner.

*Martin M. Zucker,* for respondent.