(Nos. 57562, 57600.—

ARCHER DANIELS MIDLAND COMPANY, Appellant,
v. THE INDUSTRIAL COMMISSION *et al.* (Leah
Reynolds, Appellee).

*Opinion filed December 16, 1983.—Rehearing
denied January 27, 1984.*

GOLDENHERSH, J., dissenting.

Thomas D. Nyhan, Ellis A. Ballard, and James M. O'Brien, of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago, for appellant.

James C. Serkland, of Serkland & Muelhausen, of Chicago, for appellee.

JUSTICE CLARK delivered the opinion of the court:

Claimant, Leah Reynolds, injured her back while at work on July 7, 1978. The claimant was employed by Archer Daniels Midland Company, the respondent in this cause. Both parties agree that the claimant suffered an accidental injury arising out of and in the course of her employment. The dispute arises regarding the extent of her injuries and the amount of compensation she is to receive.

Upon claimant's application to the Industrial Commission, an arbitrator awarded claimant $3,491.84 in temporary total disability benefits under section 8(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(b)), $218.40 for necessary medical expenses under section 8(a) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(a)), and $11,804.80 in permanent partial disability benefits under section 8(d)(2) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(d)(2)). On review, in an order dated December 18, 1980, the Commission affirmed the arbitrator's decision awarding $3,491.84 in temporary total disability, reduced the award for medical expenses to $91.52, awarded $252.80 for mileage expenses, and increased the section 8(d)(2) benefits from 85 to 100 weeks, from $11,804.80 to $13,880. The Commission found that "as the result of said accidental injury the Petitioner sustained the partial disability of the Peti-

tioner as a whole to the extent of 20% thereof, inclusive of the fracture of the spinous process of T-1, and is entitled to compensation therefor as provided in paragraph (d-2) of Section 8, of said Act, as amended."

The respondent appealed the Commission's decision to the circuit court of Macon County. On June 17, 1981, the circuit court reversed the Commission's decision of December 18, 1980, holding:

> "(1) That under Section 8(d)(2) of the Workers' Compensation Act of Illinois as a matter of law there must be evidence of permanent disability before the Industrial Commission of Illinois can enter an award under that Section for partial disability of the whole person;
>
> (2) That there is no evidence in the record that the petitioner sustained permanent disability of the whole person;
>
> (3) That the decision of the Industrial Commission of Illinois that the petitioner sustained partial disability of the whole person to the extent of 20% thereof is contrary to the manifest weight of the evidence of record and is reversed;
>
> (4) That the petitioner has sustained a fracture of the spinous process of her T-1 vertebra and is entitled to those benefits under the Act relevant in the absence of any permanent disability of the whole person;
> * * *
> *** that this cause be and is hereby remanded to the Industrial Commission of Illinois for entry of a decision not inconsistent with this order."

On remand, the Commission, on its own motion, commenced proceedings under section 19(c) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(c)), to obtain further medical evidence regarding claimant's condition. Respondent thereafter filed for a writ of *mandamus* in the circuit court of Macon County requesting that the court direct the Industrial Commission to terminate its proceedings to obtain further medical evidence. The court, by means of a *mandamus* order, directed the Commission to terminate any and all proceedings for additional medical evidence and

to decide the cause on the evidence of record. The circuit court ordered the Commission to issue a decision as directed in its order of June 17, 1981. The Commission terminated its section 19(c) proceeding as directed.

On May 24, 1982, the Commission issued a majority decision upon remand, finding:

"1. Pursuant to the order of the Circuit Court of Macon County, the Commission finds Petitioner failed to prove she sustained any permanent disability as a result of the accident of July 7, 1978.

2. As a result of the accident of July 7, 1978 Petitioner sustained a fracture of the spinous process of T-1 and is entitled to 60 weeks of compensation under section 8(d)(2)."

One of the commissioners dissented on the grounds that the award should only be for 30 weeks, since a fracture of the spinous process should be treated as equivalent to a fracture of a transverse process, which justifies a 30-week award under section 8(d)(2).

The circuit court did not reinstate the awards of the compensation for temporary total disability, medical expenses, or travel expenses, but those awards are not disputed by either party. The respondent, the record indicates, has already paid those awards.

Both parties appealed the Commission's decision of May 24, 1982, to the circuit court of Macon County. On November 15, 1982, the circuit court filed its second opinion in this cause, holding:

"THAT the May 24, 1982 Decision And Opinion On Remand of the Industrial Commission of Illinois (82 IIC 325) is not contrary to the manifest weight of the evidence of record in this matter."

The circuit court, therefore, confirmed the Commission's decision of May 24, 1982. Both parties have appealed to this court pursuant to our Rule 302(a)(2) (87 Ill. 2d R. 302(a)(2)). We have consolidated their appeals in this court.

There are three issues which the respondent raises in

this appeal: (1) whether section 8(d)(2) of the Workers' Compensation Act requires proof of permanent disability; (2) whether, if proof of permanent disability is required, the claimant proved that she suffered a permanent disability; and (3) if the claimant did prove she suffered a permanent injury, whether the 60 weeks' compensation she was awarded in the last Commission decision was an appropriate award under section 8(d)(2) for a fractured spinous process.

Regarding the first issue, respondent asserts that section 8(d)(2) requires the injury to be *serious and permanent*, resulting in partial disability. Therefore, respondent argues that an award to the claimant of 60 weeks' compensation under section 8(d)(2) is erroneous since she failed to prove that a permanent disability resulted from the fracture. Claimant asserts that the language of the statute is clear and unambiguous and that it is intended to set a floor for the Industrial Commission's awards with a 60-week statutory minimum for a fractured spinous process.

Section 8(d)(2) provides in pertinent part:

"If, as a result of the accident, the employee sustains *serious and permanent injuries* not covered by paragraphs (c) and (e) of this Section, or having sustained injuries covered by the aforesaid paragraphs (c) and (e), he shall have sustained in addition thereto other injuries which injuries do not incapacitate him from pursuing the duties of his employment but which would disable him from pursuing other suitable occupations, or which have otherwise resulted in physical impairment; or if such injuries partially incapacitate him from pursuing the duties of his usual and customary line of employment but do not result in an impairment of earning capacity, or having resulted in an impairment of earning capacity, the employee elects to waive his right to recover under the foregoing subparagraph 1 of paragraph (d) of this Section, then in any of the foregoing events, he shall receive in addition to compensation for temporary total disability under paragraph (b) of this Section, compensation at the rate pro-

vided in subparagraph 2 of paragraph (b) of this Section for that percentage of 500 weeks that the *partial disability resulting from the injuries* covered by this paragraph bears to total disability. If the employee shall have sustained a fracture of one or more vertebra or fracture of the skull, the amount of compensation allowed under this Section shall be not less than 60 weeks for a fractured skull and 60 weeks for each fractured vertebra *** and for a fracture of each transverse process not less than 30 weeks." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 48, par. 138.8(d)(2).

In *Alaniz v. Industrial Com.* (1983), 95 Ill. 2d 263, 267, this court held that because the claimant's injury had not resulted in "any permanent partial disability or impairment," he was not entitled to benefits for injuries under section 8(d)(2). We believe it is clear that in order to be eligible for benefits under section 8(d)(2), the injuries must be "serious and permanent" and result in permanent partial disability or impairment.

Because we have determined that a claimant must sustain injuries which are serious and *permanent* in order to obtain an award under section 8(d)(2), we must address the second issue which was raised, and that is whether the claimant in this case proved that she suffered any serious and permanent injuries. It is clear from the Commission's decision of May 24, 1982, that the petitioner failed to prove she sustained any permanent injuries. The decision reads:

"1. Pursuant to the order of the Circuit Court of Macon County, the Commission finds Petitioner failed to prove she sustained any permanent disability as a result of the accident of July 7, 1978."

The circuit court confirmed that decision.

The claimant asserts that the Commission did find she had sustained permanent injuries in its first decision and that the circuit court should not have set that decision aside. In its review of the Commission's first decision, the circuit court held that the Commission's decision was

against the manifest weight of the evidence because the claimant had not proved that she had sustained any permanent disability. We agree with the circuit court that the Commission's first decision was against the manifest weight of the evidence for the same reasons we will discuss later in this opinion for holding that the second decision of the Commission, which was confirmed by the circuit court, that the petitioner had failed to prove that she sustained any permanent disability, was not against the manifest weight of the evidence. The same evidence was before the Commission and the circuit court at all times. The Commission reached opposite results based on that same evidence. We have determined that the Commission's finding that the petitioner "failed to prove she sustained any permanent disability" is not against the manifest weight of the evidence. The May 24, 1982, decision of the Industrial Commission is the second decision which was before the circuit court for review and is now also before this court. In its May 24, 1982, decision the Commission found that the claimant had failed to prove that she sustained any permanent injuries. The circuit court confirmed that decision, holding that it was not contrary to the manifest weight of the evidence. We affirm the decision of the circuit court of Macon County on the issue of the lack of permanence of the claimant's injury.

It is clear that the Commission could have reasonably inferred from the medical evidence that was presented in this case that the claimant had not sustained any serious and permanent injury. Dr. Kline, the surgeon who operated on the claimant, at no time stated that the claimant suffered any permanent disability or impairment as a result of her injury. Dr. Baird, who examined claimant at her own attorney's request, opined:

> "As far as I am concerned, except for the dimple over T1 this patient has recovered from her fracture and no permanent functional problems are anticipated. This type of fracture does not cause secondary osteoarthritis. The

dimple constitutes a minor permanent cosmetic blemish. I expect her acute cervical strain will take a year or two to slowly subside. There are no permanent consequences of acute cervical strain."

Likewise, Dr. Hoffman never stated that the claimant had suffered a permanent injury. On August 28, 1979, he expressed the belief that the claimant "should anticipate a full recovery without any residuals." He further stated:

"As indicated in the consultation notes by the attending physician in Champaign, she has regained a full range of motion in the cervical spine, and the only reason for doing the surgery evidently was some residual subjective symptoms of discomfort rather than any impairment of function. The measurable minor impairment in the range of motion of the cervical spine on July 5, 1979 should be temporary and should lead to full recovery of function, with the only residual that of the minor scar at the operative site."

We conclude that insofar as the Commission concluded that the claimant had not suffered any permanent injury, its decision is not contrary to the manifest weight of the evidence. However, we cannot agree with the Commission that the claimant is entitled to compensation under section 8(d)(2). To hold that compensation is proper under section 8(d)(2) would be inconsistent with the Commission's finding that the claimant had failed to prove that she had sustained a permanent injury. The decision of the Commission and the confirmance by the circuit court are internally inconsistent.

Since we have determined that the Commission could have reasonably inferred that the claimant had not suffered a permanent injury and that its decision in this regard is not contrary to the manifest weight of the evidence, it is unnecessary for us to address the third issue raised in this appeal, whether the 60-week award was proper for the fracture of a spinous process under section 8(d)(2).

For the foregoing reasons, we affirm the decision of

the circuit court confirming the decision of the Commission regarding the claimant's failure to prove she sustained a permanent injury. We do, however, reverse the circuit court's confirmance of the Commission's decision insofar as it finds that claimant should receive any compensation under section 8(d)(2). The finding of a lack of permanence is inconsistent with an award of compensation under section 8(d)(2). The cause is remanded to the Industrial Commission for issuance of an award consistent with this opinion.

*Affirmed in part and reversed in part;*
*cause remanded, with directions.*

JUSTICE GOLDENHERSH, dissenting:

I dissent. The majority misconstrues section 8(d)(2) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(d)(2)) and requires proof of disability as the result of the fracture of the spinous process of the thoracic vertebra. The record shows that as the result of the injury it was necessary to excise the spinous process of petitioner's T-1 vertebra. The operation was performed through a three-inch incision over the lower cervical and upper thoracic spine, and the severed spinous process was identified and excised.

That this is a permanent injury can hardly be disputed since it is not suggested that the spinous process, once having been excised, is likely to grow back. That it is a serious injury is evidenced by the fact that the General Assembly provided a statutory minimum of 60 weeks of compensation for a fracture of any part of a vertebra other than a transverse process.

The clear language of the statute shows that for this type of fracture the award of compensation is not to be determined by the "percentage of 500 weeks that the partial disability resulting from the injuries covered by this paragraph bears to total disability" (Ill. Rev. Stat. 1979, ch. 48, par. 138(d)(2)).

The statute provides:

"If the employee shall have sustained a fracture of one or more vertebra or fracture of the skull, the amount of compensation allowed under this Section shall be not less than 60 weeks for a fractured skull and 60 weeks for each fractured vertebra ***." (Ill. Rev. Stat. 1979, ch. 48, par. 138(d)(2).)

This provides for a minimum award without regard to disability and without regard to what proportion of total disability the claimant may have suffered.