(No. 57995.—

WEAST CONSTRUCTION COMPANY, INC., Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Steve Weast, Appellant).

*Opinion filed June 29, 1984.*

Perz & McGuire, of Chicago (Frank M. Perz and James M. Ridge, of counsel), for appellant.

Barash, Stoerzbach & Henson, of Galesburg (Burrel Barash, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

This appeal presents the single issue whether under section 8(d)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2)), petitioner, having sustained the fracture of the spinous process of a vertebra, was entitled to a minimum award of 60 weeks of compensation. An arbitrator, finding that on June 29, 1977, petitioner, Steve Weast, while employed by respondent, suffered accidental injuries, awarded petitioner compensation for temporary total disability under section 8(b), necessary medical expenses under section 8(a), and permanent partial disability benefits under sec-

tion 8(d)(2) of the Act. The arbitrator found that petitioner had sustained a fracture of the spinous process of a cervical vertebra. He found further that the statute no longer provided a minimum award for such an injury but that petitioner had sustained partial disability of the whole person to the extent of 6% thereof, and awarded petitioner 30 weeks of compensation under section 8(d)(2) of the Act. On review, the Industrial Commission modified the decision of the arbitrator, holding that claimant was entitled to compensation for a period of 60 weeks under section 8(d)(2) of the Act, "for the reason that the injury sustained caused the fracture of the spinous process of C-7."

On *certiorari*, the circuit court of Knox County, holding "that the phrase 'fractured vertebra,' as used in section 8(d) of the Act, does not include a fracture of a spinous process," reversed the Commission's decision and affirmed the decision of the arbitrator. Petitioner appealed. 87 Ill. 2d R. 302(a)(2).

Prior to July 1, 1975, section 8(d), after providing for payments of compensation not relevant here, provided in pertinent part:

> "If no compensation is awarded under the foregoing provisions of this paragraph, and when an accidental injury has been sustained which results in *** fracture or fractures of the body or bodies of one or more vertebrae, compensation shall be allowed for an aggregate period of 60 weeks in addition to compensation for temporary total disability, such compensation to be in lieu of all compensation specified by this paragraph. The term 'fracture or fractures of the body or bodies of one or more vertebrae' as used in this paragraph excludes fracture or fractures involving only the spinous or transverse processes." Ill. Rev. Stat. 1973, ch. 48, par. 138.8(d).

Subsequent to the amendment, effective July 1, 1975, section 8(d)(2) provided:

> "If the employee shall have sustained a fracture of one or

more vertebra or fracture of the skull, the amount of compensation allowed under this Section shall be not less than 60 weeks for a fractured skull and 60 weeks for each fractured vertebra \*\*\* and for a fracture of each transverse process not less than 30 weeks. \*\*\*'' Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2).

In *Archer Daniels Midland Co. v. Industrial Com.* (1983), 99 Ill. 2d 275, the court set aside an award of compensation for the fracture of the spinous process of a vertebra for the reason that the claimant had not shown that he had suffered a serious and permanent injury. The court determined that "it is unnecessary for us to address the third issue raised in this appeal, whether the 60-week award was proper for the fracture of a spinous process under section 8(d)(2)." (99 Ill. 2d 275, 282.) Here defendant does not question that petitioner sustained a permanent injury; the Commission so found, and the finding is supported by the medical evidence in the record.

Although it may be overcome by other considerations, an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed. (*People v. Nunn* (1979), 77 Ill. 2d 243, 248.) Another established rule of statutory construction holds that the expression of certain exceptions in a statute will be construed as an exclusion of all others. (*People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 199.) As in force and effect prior to the 1975 amendment, section 8(d) specifically provided that fracture of the body of a vertebra excluded fractures "involving only the spinous or transverse processes." The 1975 amendment contained distinctly different provisions for fractures of the vertebra and fractures of the transverse process and made no mention of the spinous process. The amendment effected by Public Act 81—1482, effective September 15, 1980, also distinguished fractures of a vertebra and fractures of a transverse process, with no mention of fractures of a spi-

nous process. Applying the customary rules of statutory construction, it would appear that the General Assembly intended that a fracture of a spinous process be subject to the same provision as a fracture of a vertebra. In section 16a as amended, effective September 15, 1980, certain provisions are made for fees where

"there is no dispute that the accident has resulted in:
(1) a fracture of one or more vertebrae; or
\*\*\*
(3) a fracture of one or more spinous or transverse processes; \*\*\*." (Ill. Rev. Stat. 1981, ch. 48, pars. 138.16a(G)(1), (3).)

This section contains the only indication that the General Assembly might have intended that fractures of spinous and transverse processes be given similar treatment and in our opinion is not sufficient to overcome the presumption created by the provisions of the 1975 and 1980 amendments. We hold, therefore, that although the permanent injury found by the Commission resulted in disability of the petitioner only to the extent of 6%, the statute, as found by the Commission, provided a minimum award of 60 weeks of compensation rather than the 30 weeks awarded by the arbitrator.

The fact that by reason of the conclusion reached a disparity is created in the amount to be awarded for fracture of a spinous process and a transverse process does not require an opposite result. As this court said in *Koesterer v. Industrial Com.* (1970), 45 Ill. 2d 383, 385-86:

"Whether or not the legislature is correct in awarding more compensation for one type of injury rather than another is not for the court to say. As was said in *Sampson v. Industrial Com.*, 33 Ill. 2d 301, the legislature 'has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible.' "

For the reasons stated, the judgment of the circuit

court is reversed and the decision of the Industrial Commission is confirmed.

*Judgment reversed;*
*Industrial Commission*
*confirmed.*