OLD BEN COAL COMPANY, Plaintiff-Appellee, v. THE HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellants.

Fifth District   No. 5—86—0038

Opinion filed December 5, 1986.—Rehearing denied January 6, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Kathryn A. Spalding, Assistant Attorney General, of Chicago, of counsel), for appellants.

Campbell & DiVincenzo, of Chicago, Hart & Hart, P.C., of Benton, and Edmund J. Moriarty, Mark M. Pierce, and Jeff Conrad, all of Old Ben Coal Company, of Lexington, Kentucky, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, the Department of Human Rights (DHR), filed a complaint in May of 1983 with defendant, the Human Rights Commission (HRC), alleging that plaintiff, Old Ben Coal Company (Old Ben), had violated section 2—102(A) of the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)) by permitting women employees to be harassed because of their sex. Old Ben moved to dismiss the complaint alleging that the Act (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)) did not include sexual harassment within its ambit of protection against sex discrimination until the passage of Public Act 83—89, effective January 1, 1984, which specifically proscribed sexual harassment in employment (codified as amended at Ill. Rev. Stat. 1985, ch. 68, par. 2—102(D)). The HRC found that, while the Act did not expressly prohibit sexual harassment, it did not follow that no such protection was afforded to employees. Finding that the amendment

merely evinced the legislature's intent to clarify the law as it had formerly existed, the HRC denied Old Ben's motion to dismiss. Old Ben subsequently filed a complaint for declaratory and injunctive relief in the circuit court of Franklin County. The circuit court found that the amendment indicated the absence of a proscription against sexual harassment prior to January 1, 1984, and permanently enjoined defendants from proceeding with the complaint against Old Ben. Defendants appeal.

Section 2—102(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)), upon which the complaint filed by the DHR is based, provides:

"It is a civil rights violation:

[f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination."

Public Act 83—89, effective January 1, 1984, added section 2—102(D) (codified as amended at Ill. Rev. Stat. 1985, ch. 68, par. 2—102(D)) which provides:

"It is a civil rights violation *** [f]or any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment ***."

We are asked to determine whether the Illinois Human Rights Act proscribes sexual harassment as a form of unlawful sex discrimination prior to the effective date of the amendment. Because defendants were enjoined from proceeding with the charges prior to the administrative hearing, we are concerned only with whether the hearing should go forward and not with whether Old Ben has in fact discriminated against complainants.

■ A statutory amendment creates a presumption that the legislature intended to change the law as it formerly existed. (*Weast Construction Co. v. Industrial Com.* (1984), 102 Ill. 2d 337, 340, 466 N.E.2d 215, 216.) However, this presumption may be overcome. (*O'Connor v. A&P Enterprises* (1980), 81 Ill. 2d 260, 271-72, 408 N.E.2d 204, 209.) These rules of construction aid the court in its endeavor to ascertain and effectuate the legislature's intent. (*Du Page County v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076, 1079.) Defendants raise several considerations which they maintain rebut the above presumption and demonstrate that the amendment reflects the legislature's intent to clarify the law as it had previously existed. Plaintiff asserts that defendants

have failed to rebut the presumption that the amendment effectuated a change in the law by creating a new cause of action for sexual harassment.

■ Defendants rely upon the legislative debates surrounding the enactment of the amendment to support their contention that the legislature intended to clarify the law of sex discrimination. The statute in question (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)) is susceptible to differing interpretations as to whether sexual harassment is a form of unlawful sex discrimination. Consequently, it is appropriate to examine the surrounding legislative history. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 279, 469 N.E.2d 167, 172.) While the debates relied upon by defendants pertain to the enactment of the amendment, as opposed to the statute we are asked to interpret, and, therefore, cannot be accorded the weight of contemporaneous legislative history, we would be remiss if we ignored these authoritative expressions concerning the scope of the statute prior to the amendment. (See *Cannon v. University of Chicago* (1979), 441 U.S. 677, 686 n.7, 60 L. Ed. 2d 560, 569 n.7, 99 S. Ct. 1946, 1952 n.7.) A review of the debates indicates that both proponents and opponents of the amendment considered sexual harassment to be prohibited by the Illinois Human Rights Act as a form of sex discrimination and that the amendment was needed only to clarify this proscription. We are cognizant of the principle that statements made during floor debate do not in and of themselves affirmatively establish legislative intent. (*Craddock v. Board of Education* (1979), 76 Ill. App. 3d 43, 52, 391 N.E.2d 1059, 1066.) However, we find defendants' reliance on the legislative history to be persuasive.

■ In support of their position, defendants also rely upon decisions of the Federal appellate courts which have interpreted the proscribed discrimination of Title VII of the Civil Rights Act of 1964 (42 U.S.C. sec. 2000e—2(a)(1) (1976)) to include sexual harassment. Plaintiff objects to a consideration of these cases on the grounds that the Federal and State statutes are dissimilar and that the surrounding legislative histories differ. A comparison of the two statutes reveals their vast similarity. (Compare Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A) with 42 U.S.C. sec. 2000e—2(a)(1) (1976).) Furthermore, even though differences may exist in the legislative history of the statutes, the Federal decisions, while not controlling, are relevant and helpful precedents. *People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 146, 435 N.E.2d 463, 467; *City of Cairo v. Fair Employment Practices Com.* (1974), 21 Ill. App. 3d 358, 363, 315 N.E.2d 344, 348.

In *Bundy v. Jackson* (D.C. Cir. 1981), 641 F.2d 934, 943, the court

was confronted with the issue of whether sexual harassment which creates a hostile or offensive work environment constituted sex discrimination with respect to the "terms, conditions, or privileges of employment." Relying upon the principle that "terms, conditions or privileges of employment" (42 U.S.C. sec. 2000e—2(a)(1) (1976)) is an expansive concept (*Rogers v. Equal Employment Opportunity Com.* (5th Cir. 1971), 454 F.2d 234, 238, *cert. denied* (1972), 406 U.S. 957, 32 L. Ed. 2d 343, 92 S. Ct. 2058), the court found that the principle of law equating illegal sex discrimination with a hostile work environment caused by sexual harassment "follows ineluctably from numerous cases finding Title VII violations where an employer created or condoned a substantially [racially] discriminatory work environment." *Henson v. City of Dundee* (11th Cir. 1982), 682 F.2d 897, 902, quoting *Bundy v. Jackson* (D.C. Cir. 1981), 641 F.2d 934, 943. See also *Horn v. Duke Homes, Division of Windsor Mobile Homes, Inc.* (7th Cir. 1985), 755 F.2d 599, 603-04.

As with the key provision of Title VII of the Civil Rights Act (42 U.S.C. sec. 2000e—2(a)(1) (1976)), the express language of section 2—102(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)) does not explicitly mention the situation where an offensive work environment results from discriminatory practices. Although the statutes vary slightly in the language employed, both provide, in essence, that it is a violation for any employer to act with respect to the "terms, privileges or conditions of employment" on the basis of unlawful discrimination. The obvious distinction is that, unlike the situation presented here, the Federal courts have not been confronted with the enactment of an amendment specifically addressing sexual harassment. This distinction does not dissuade us from finding the rationale of the Federal courts to be supportive of defendants' argument that sexual harassment is prohibited by the Illinois Human Rights Act as a form of unlawful sex discrimination prior to the enactment of the amendment.

■ A third factor relied upon by defendants is the HRC's own interpretation of its authority to consider allegations of sexual harassment under the Act prior to the amendment. (See, *e.g.,* HRC Decision No. 1980SF0472, January 30, 1984.) While an administrative agency's interpretation of a statute is not controlling, it does provide an informed source for ascertaining legislative intent and will be accorded significance in our own interpretation of the statute. (*Adams v. Jewel Cos.* (1976), 63 Ill. 2d 336, 344-45, 348 N.E.2d 161, 165; *J. R. Bliss, Inc. v. Pollution Control Board* (1985), 138 Ill. App. 3d 699, 705-06, 485 N.E.2d 1154, 1158-59.) Similarly, the Federal courts have given

deference to the Equal Employment Opportunity Commission's interpretation that Title VII proscribes sexual harassment in employment. *Henson v. City of Dundee* (11th Cir. 1982), 682 F.2d 897, 903 n.7; *Bundy v. Jackson* (D.C. Cir. 1981), 641 F.2d 934, 945 n.10.

■ In our attempt to ascertain the intent of the legislature, we must also look to the reason and necessity for the law and the purposes to be attained. (*People v. Alejos* (1983), 97 Ill. 2d 502, 511, 455 N.E.2d 48, 52.) One of the purposes of the Illinois Human Rights Act is to secure freedom from discrimination based upon sex in connection with employment. (Ill. Rev. Stat. 1981, ch. 68, par. 1—102(A); *Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 1130, 432 N.E.2d 298, 302.) We believe that it is consistent with this purpose to interpret sexual harassment inflicted upon an employee as a form of unlawful sex discrimination with respect to the "terms, privileges or conditions of employment." (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A).) As we have stated throughout the above discussion, no single factor relied upon by defendants is in and of itself controlling. However, our consideration of the factors as a whole in conjunction with the general purpose of the Act leads us to conclude that defendants have rebutted the presumption that the amendment effectuated a change in the law. We disagree with plaintiff's argument that a determination that the amendment did not change the law is tantamount to concluding that the legislature performed a useless act. Clarification of some of the uncertainty surrounding the law of sex discrimination can hardly be deemed useless. (*Cf. O'Connor v. A&P Enterprises* (1980), 81 Ill. 2d 260, 272, 408 N.E.2d 204, 209.) We conclude that the trial court erred in finding that section 2—102(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A)) did not prohibit sexual harassment as a form of sex discrimination and by permanently enjoining defendants from proceeding with the complaint of sexual harassment alleged against plaintiff. Having reached this conclusion, it is unnecessary for us to address defendants' second contention that the injunction is overbroad.

For the reasons given above, the judgment of the circuit court of Franklin County granting permanent injunctive relief is reversed.

Reversed.

WELCH and HARRISON, JJ., concur.