824

[No. 32119. Department One. January 9, 1953.]

FRANK J. PAPPAS, *Appellant,* v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent.*[1]

*Durham & Guimont,* for appellant.

*The Attorney General* and *Paul D. Solomon, Assistant,*
for respondent.

WEAVER, J.—March 30, 1949, appellant suffered an in-
jury to both ears while engaged in extrahazardous em-
ployment. The board of industrial insurance appeals and
the trial court found that he had sustained a sixty per cent
loss of hearing in the left ear and a forty-eight per cent loss
in the right ear.

The question presented is whether the board and the trial
court correctly interpreted the applicable statute in com-
puting the amount of appellant's compensation for his per-
manent partial disability.

Rem. Supp. 1947, § 7679, which is controlling, provides in
part:

[1]Reported in 252 P. (2d) 311.

"(f) . . . For the permanent partial disabilities here specifically described, the injured workman shall receive compensation as follows: . . .

"Complete loss of hearing in both ears.......... 3,420

"Complete loss of hearing in one ear........... 950

"Compensation for any other permanent partial disability shall be in the proportion which the extent of such other disability shall bear to that above specified, which most closely resembles and approximates in degree of disability such other disability . . . ."

The method of computation used by the board, and approved by the trial court, consisted of separate percentages of $950 (sixty per cent or $570, plus forty-eight per cent or $456). It resulted in an award of $1,026. Appellant urges that his award for permanent disability for partial loss of hearing in both ears should have been determined by a percentage of $3,420.

The problem posed is not one which can be resolved by application of the mathematical proposition that "the whole is equal to the sum of its parts." One who has suffered complete loss of hearing in both ears is more than twice as disabled as one who has lost the ability to hear in only one ear. This distinction is recognized by the statute above quoted, for it allows, for a complete loss of hearing in both ears, 3.6 times the award for loss of hearing in one ear.

 Permanent *partial* impairment of hearing is not specifically provided for in the statute. Computation of award for it must be made by referring to statutory awards for *complete* loss of hearing (1) involving both ears, and (2) involving only one ear. The award, of which appellant complains, treated the damage to each ear as a separate disability, within the second class, and did not consider the *cumulative* effect of the separate injury to each ear, resulting from the same accident. Such an interpretation does not conform to the facts, for it is apparent that the appellant had a minimum of forty-eight per cent loss of hearing in *both* ears. Hence, appellant's claim falls within the first class, and the compensation award for it must be "in the proportion which the extent" of the permanent partial

hearing disability of both ears bears to the "complete loss of hearing in both ears," for it is that which it "most closely resembles and approximates in degree of disability."

Appellant should have received an award of fifty-four per cent of $3,420, or $1,846.80.

Our conclusion finds support in the construction placed upon substantially similar statutes by other courts. In *Beal v. El Dorado Refining Co.*, 132 Kan. 666, 668, 296 Pac. 723, the relevant part of the statute was as follows:

" '(17) For the complete loss of hearing of both ears, 60 per cent of the average weekly wages during 100 weeks.

" '(18) For the complete loss of hearing of one ear, 60 per cent of the average weekly wages during 25 weeks.

" '(19) . . . For the permanent partial loss of the use of a finger, thumb, . . . or hearing of an ear, compensation shall be paid at sixty per cent (60%) of the average weekly wages . . . during that proportion of the number of weeks in the foregoing schedule provided for loss of such finger, thumb, . . . or hearing of an ear, which the partial loss thereof bears to the total loss of a finger, thumb, . . . or hearing of an ear . . .' "

The court said:

"It was stipulated that hearing of the right ear was impaired 30 per cent, and hearing of the left ear was impaired 20 per cent. The insurance carrier contends impairment of hearing should be computed on the basis of 25 weeks, as provided in paragraphs 18 and 19. This is not, however, a case of impairment of hearing of one ear, and then, disregarding that ear, impairment of hearing of the other ear. It is a case of permanent partial loss of hearing of both ears, and compensation should be computed on the basis of 100 weeks, under paragraphs 17 and 19.

". . . Since hearing of one ear was impaired 30 per cent, and hearing of the other ear was impaired 20 per cent it cannot be said that total loss of hearing was less than 25 per cent. The basis of 100 weeks was properly employed, and the distribution was not prejudicial to the insurance carrier."

See, also, *Vishney v. Empire Steel & Iron Co.*, 87 N. J. L. 481, 95 Atl. 143; *Lauritzen v. U. S. Reduction Co.*, 78 Ind. App. 293, 135 N. E. 390; *Alabama By-Products Corp. v.*

*Winters,* 234 Ala. 566, 176 So. 183. We believe the reasoning in these cases to be sound.

We hold, therefore, that compensation for a permanent partial loss of hearing in both ears, resulting from a single injury, must be computed as an appropriate proportion of the maximum amount provided for complete loss of hearing in both ears.

The case is remanded to the superior court, with directions to modify the judgment from which this appeal has been prosecuted, awarding to appellant compensation in the sum of $1,846.80 (less any sums previously paid on his claim), together with $250 attorney fees.

MALLERY, GRADY, and DONWORTH, JJ., concur.

SCHWELLENBACH, C. J. (dissenting in part)—Appellant sustained a sixty per cent loss of hearing in the left ear, and a forty-eight per cent loss of hearing in the right ear. He therefore sustained a forty-eight per cent loss of hearing in both ears, plus an additional twelve per cent loss in the left ear. Forty-eight per cent of $3,420 amounts to $1,641.60. Twelve per cent of $950 amounts to $114, or a total of $1,755.60.

The majority adds the sixty per cent and forty-eight per cent, making a total of 108%, and then divides that by two, arriving at a figure of 54%. Let us assume that a man sustained a ten per cent loss of hearing in one ear and a sixty per cent loss of hearing in the other ear. Applying the formula used by the majority, we would hold that he sustained a thirty-five per cent loss in both ears. To my mind, that conclusion would be improper.