(No. 42604.—

SAMUEL J. KOESTERER, Appellant and Cross Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PEABODY COAL Co., Appellee and Cross Appellant.

*Opinion filed May 20, 1970.*

JOSEPH A. LONDRIGAN, of Springfield, for appellant.

KEEFE & DE PAULI, of East St. Louis, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

The plaintiff, Samuel Koesterer, received a leg injury on June 20, 1963 arising out of and in the course of his employment with the defendant, Peabody Coal Company. The Illinois Industrial Commission found the plaintiff had suffered 100 percent permanent disability of the leg. Accordingly, the Commission awarded plaintiff 64 weeks of temporary disability payments and 200 weeks of permanent disability payments pursuant to section 138.8(e)(12) of the Workmen's Compensation Act (Ill. Rev. Stat. 1961, ch. 48, par. 138.8). This finding was upheld by the circuit court of Christian County. Both parties appeal from the court's findings.

It is the contention of both parties that the period of temporary disability still continues and that there was no basis for the finding that plaintiff's leg was permanently disabled.

No doctors were called to testify. The medical records were admitted as a joint exhibit. None of the medical records contained a direct finding that the injury was permanent. Some reports showed a question mark as to this and one comment was "might". There were medical reports showing plaintiff discharged as cured, which reports were, by later events, proved to be incorrect. Plaintiff was being

treated in the hospital at the time of the hearing before the Commission, which was five years after the accident.

The evidence further showed that in the five years after the accident plaintiff had been unable to work except for very brief periods of time. These attempts reactivated the injury to his leg.

Medicine is not an exact science. At some point in time an injury which does not heal becomes a permanent, rather than a temporary, injury. Determination of the time when this occurs is a question of fact which the Commission is required to decide. We cannot disturb its finding on a question of fact unless such finding is against the manifest weight of the evidence. The finding that plaintiff's leg was permanently disabled is supported by the record in this case.

Plaintiff also contends that it is unconstitutional to limit the compensation of a workman who receives one of the injuries specified in section 138.8(e) of the Act to 64 weeks of temporary disability payments. He argues that because a workman who receives an injury other than those specified is limited only by an amount equal to a death benefit, section 138.8(e) is an arbitrary and unreasonable classification. To support his contention, plaintiff relies heavily upon *Begich* v. *Industrial Com.*, 42 Ill.2d 32.

We cannot accept plaintiff's argument. The *Begich* case does not hold, as plaintiff seems to argue, that the legislature must provide for the same compensation for all injuries which permanently disable a portion of one's body. To do so would ignore the fact that a disabled hand or leg need not diminish the earning capacity of a workman as greatly as a back injury. The *Begich* case held that when workmen receive identical disabilities, either through the direct result of the injury or through surgery necessitated by the injury, the compensation must be the same.

Whether or not the legislature is correct in awarding more compensation for one type of injury rather than an-

other is not for the court to say. As was said in *Sampson* v. *Industrial Com.,* 33 Ill.2d 301, the legislature "has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible".

*Judgment affirmed.*