(No. 51956 ▮▮▮▮▮▮▮▮)

PAGE ENTERPRISES, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Kenneth Hamm, Appellee).

*Opinion filed January 23, 1980.*

Gordon, Schaefer & Gordon, Ltd., of Chicago (Gilbert W. Gordon, of counsel), for appellant.

Klohr, Braun, Lynch & Smith, Ltd., of Chicago (Mark

A. Braun, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Pursuant to section 8(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(e)), an arbitrator for the Industrial Commission awarded petitioner, Kenneth Hamm, compensation for the complete and permanent loss of use of his right leg to the extent of 65% thereof. On review, without taking additional evidence, the Industrial Commission affirmed the arbitrator's decision. On *certiorari* the circuit court of Lake County confirmed the ruling and respondent appealed. 73 Ill. 2d R. 302(a).

The testimony shows that petitioner, while employed as a carpenter by respondent, Page Enterprises, Inc., sustained an injury to his back and legs. While working on the second story of a house being constructed by respondent, petitioner attempted to lift a beam being raised by fellow workers. He experienced pain in his back and legs. He advised his foreman of the occurrence and continued to work the remainder of that day. He did not work the next two days. Several weeks thereafter he underwent back surgery. The pain in his back and legs persisted, and at the request of respondent's insurer, he was examined by another physician, who told petitioner that nothing further could be done for him. Petitioner obtained an opinion from yet another physician and again underwent surgery. He recovered well and with his physician's approval returned to work for respondent. Petitioner received temporary total disability payments, which were terminated upon his return to work. Thereafter he continued to experience intermittent pain in his back and legs and, pursuant to orders from his physician, requested "light work." He continued to perform these tasks until he was assigned some "rough" work and his pain increased dramatically. Following examination,

surgery was again performed. Petitioner has not returned to work.

The testimony showed that prior to the accident for which compensation was claimed, petitioner had sustained a back injury while working for another employer. Following three surgical procedures, a settlement agreement was negotiated providing compensation for a "back" injury. It is undisputed that these surgical procedures had enabled petitioner to work without pain, and that, on the date of the occurrence out of which the present claim arose, he was able to perform his work in a normal manner.

Respondent contends that petitioner failed to meet his burden of proving the nature and extent of his injury and that it was permanent. Additionally, respondent contends that it was entitled to credit for the prior approved settlement.

Respondent argues that the only relevant medical evidence presented is the letter report received from Dr. William J. Kane, who performed a laminectomy on petitioner, and that it contained no statement which supports the finding of permanency. We do not agree. The record contains the record of Northwestern Hospital covering petitioner's period of confinement, and supplies ample proof as to the nature of the injury and the surgery performed. It is not necessary in all cases that a medical expert make the categorical statement that the disability is permanent (*Gould v. Industrial Com.* (1968), 40 Ill. 2d 548, 552), and as we have said repeatedly, it is the province of the Industrial Commission to determine the facts and draw reasonable inferences from the record. Petitioner's testimony, corroborated by the medical records of the hospital and the report of the operating surgeon, sufficiently support the award.

Respondent argues that there is no evidence of objective conditions or symptoms of the petitioner's injury as was formerly required by section 8(b)(7) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48,

par. 138.8(b)(7)). As was stated in *Martin Young Enterprises, Inc. v. Industrial Com.* (1972), 51 Ill. 2d 149, 153-54:

"It was the injury which had to be proved by competent evidence, including objective conditions or symptoms. The Act does not require an objective finding of disability or of the effect of the injury upon the employee. Such finding can only be a conclusion based upon a proper evaluation of objective conditions or symptoms. [Citation.]

There was ample objective proof of the petitioner's injury and condition."

We consider respondent's contention that under the provisions of section 8(e)(17) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(e)(17)) it is entitled to credit on this award for the payment made under the settlement contract approved by the Industrial Commission with respect to an injury suffered approximately 12 years before the injury in question. So far as can be determined from the record, the settlement contract in question involved an injury to petitioner's back. Implicit in the Industrial Commission's denial of credit in computing the award is its finding that it did not involve the same "member," as is required for credit under the provisions of section 8(e)(17). This finding is not contrary to the manifest weight of the evidence.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*