DARRELL KILLIAN, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Chicago Extruded Metals, Inc., Appellant).

First District (Industrial Commission Division)   No. 1—85—2898WC

Opinion filed October 15, 1986.—Rehearing denied November 19, 1986.

Robert E. Maciorowski and Julie A. Garrison, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

George J. Murges, of Murges, Bowman & Corday, Ltd., of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Chicago Extruded Metals, Inc. (employer), appeals from a judgment of the circuit court of Cook County reversing that portion of the award of the Industrial Commission (Commission) allowing employer a

6% credit for a previous payment to Darrell Killian (claimant) for a 1975 disability. Employer argues that the circuit court erred as a matter of law because section 8(e)(17) of the Worker's Compensation Act (the Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(e)(17)) authorizes a credit for payments previously made to the claimant for injuries causing permanent disabilities to the same body part. We affirm.

Claimant first sustained an employment-related back injury while working for employer on February 6, 1975. On July 15, 1977, claimant and employer entered into a settlement agreement for the February 1975 injury. The agreement stated that the $2,668.73 amount paid to claimant represented a "7½% loss of use of right leg and 7½% loss of use of left leg."

Claimant thereafter twice reinjured his back while working for employer. These accidents, which occurred on March 16, 1979, and January 15, 1980, provide the basis for the instant appeal. Both injuries involved claimant's lower back. Claimant was hospitalized after each accident.

Arbitrator Norman Brown rendered his decision in the March 16, 1979, accident (No. 79 WC 52690) and in the January 15, 1980, accident (No. 80 WC 4617) on the same day, December 26, 1980. The arbitrator filed a corrected decision in cause No. 80 WC 4617 on June 24, 1981. As a result of these accidental injuries, the arbitrator found that claimant had sustained a 20% partial disability for which he was entitled to receive the sum of $220.53 per week for a period of 100 weeks pursuant to section 8(d)(2) of the Act (Ill. Rev. Stat. 1983, ch. 48 par. 138.8(d)(2)). The arbitrator apparently did not rule on the issue of employer's entitlement to a credit.

Both parties filed for review of the arbitrator's decision. On May 14, 1982, the Commission ordered that an impartial medical expert examine claimant and review the existing medical records. The doctor filed his report with the Commission on October 22, 1982.

In its written decision and opinion on review dated August 30, 1984, the Commission affirmed the arbitrator's decision in cause No. 79 WC 52690, in which claimant's award for temporary total incapacity resulting from the March 16, 1979, accident had been adjudicated. With respect to claimant's permanent partial disability, which the arbitrator resolved for both the 1979 and 1980 accidents in his decision on cause No. 80 WC 4617, the Commission concluded claimant was permanently disabled to the extent of 10% as a result of both accidents. However, the Commission modified the arbitrator's decision by finding that employer was entitled to a credit "equivalent to 6% loss under section 8(d)(2) by reason of payment of compensation to that

extent pursuant to a prior award."

Claimant filed a writ of certiorari with the circuit court of Cook County, and on September 12, 1985, circuit court judge Alfred T. Walsh reversed the Commission's decision with regard to the credit, finding that the credit to employer was contrary to the law. Employer thereafter filed a timely notice of appeal on September 25, 1985.

Employer makes only one argument in support of reversal of the trial court's order. Employer argues in its brief to this court that it is entitled to a credit under section 8(e)(17) in this action for its payment of compensation for claimant's 1975 lower-back injury since the 1979 and 1980 work injuries and resulting permanent disability affected the same part of the body.

Section 8(e)(17) of the Act provides:

"In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, had before that time sustained an injury resulting in the loss by amputation or partial loss by amputation of any member, including hand, arm, thumb or fingers, leg, foot or any toes, such loss or partial loss of any such member shall be deducted from any award made for the subsequent injury. For the permanent loss of use or the permanent partial loss of use of any such member or the partial loss of sight of an eye, for which compensation has been paid, then such loss shall be taken into consideration and deducted from any award for the subsequent injury." (Ill. Rev. Stat. 1983, ch. 48, par. 183.8(e)(17).)

Our supreme court has interpreted section 8(e)(17) as providing a credit only when the injury occurs to the same member. *Page Enterprises, Inc. v. Industrial Com.* (1980), 78 Ill. 2d 287, 291; see also *Isaacs v. Industrial Com.* (1985), 138 Ill. App. 3d 392, 396, 485 N.E.2d 1093, 1097.

■ Resolution of the issue raised on appeal requires this court to interpret the language of section 8(e); specifically, the meaning of the term "member" as used in section 8(e)(17) and throughout section 8(e). The general rule is that an employer takes his employees as he finds them and must pay full compensation for injuries which result in industrial disability. (*Freeman United Coal Mining Co. v. Industrial Com.* (1984), 99 Ill. 2d 487, 496.) Credits operate as partial exceptions to the liabilities created by the Act, and should be construed narrowly where granted and should not be extended by implication unless necessary to accomplish the purpose of the Act. *Freeman v. Industrial Com.* (1984), 99 Ill. 2d 487, 496.

The term "member" first appears in section 8(e) in the introduc-

tory paragraph immediately prior to a listing of the specific amounts recoverable for loss or loss of use of 15 members. The list recites the following body parts as members: thumb, index finger, middle finger, ring finger, little finger, great toe, other toes, distal phalanx, hand, arm, foot, leg, eye, ear and testicle. Nowhere is the back listed as a member.

Paragraph 17 of section 8(e) follows in numerical order the 15 specific members for which compensation amounts are specified. The first sentence of section 8(e)(17) refers to the loss or partial loss of any member "including hand, arm, thumb or fingers, foot or any toes." Employer argues that the legislature's use of the word "including" indicates that more body parts than those listed in the first sentence of 8(e)(17) are intended to be included within the definition of member. We agree that the word "including" suggests those members listed in 8(e)(17) are not exclusive, but this interpretation does not mean that a back is a member. Rather, we read the members listed in 8(e)(17) as representative of the more complete listing of members contained in section 8(e). Every specific member listed in 8(e)(17) is also listed first in sections 8(e)(1) through (e)(15). Therefore, we interpret the term "member" to refer only to those body parts which are enumerated in sections 8(e)(1) through (e)(15).

■ In the second sentence of section 8(e)(17), which governs the permanent loss or permanent partial loss of use of a member and which is relied upon by employer here, we observe that the sentence contains the phrase "any such member." This phrase directs the reader to the preceding sentence which references leg, fingers, toes, foot, hand, arm, and thumb as members. Since the members listed in the first sentence are representative of the more complete listing in sections 8(e)(1) through (e)(15), the second sentence in 8(e)(17), with its phrase "any such member," must also include as members those body parts listed in sections 8(e)(1) through (e)(15). The body part "back" is not listed as a member in sections 8(e)(1) through (e)(15) or anywhere else in section 8(e). Therefore, we conclude the credit in section 8(e)(17) does not apply to injuries to the back.

Based upon our interpretation of the statute, claimant did not sustain an injury to a member when he sustained injuries to his back on March 16, 1979, and January 15, 1980. Therefore, employer is not entitled to a credit under section 8(e)(17), which requires successive injuries causing loss of use of the same member.

■ Employer argues that section 8(e)(17) cannot be read to exclude back injuries because the absence of a credit for injuries not recited in 8(e)(17) leads to absurd results. For example, employer ar-

gues, an employee, pursuant to section 8(d)(2), could receive compensation for successive back injuries greater than the entire 100% man as a whole without a credit available to an employer. Our interpretation of the statute does not limit members to those enumerated in 8(e)(17), but rather includes those listing in sections 8(e)(1) through (e)(15). Moreover, assuming *arguendo* that the result suggested by employer is possible, the observation of our supreme court in discussing the disparity in the amounts recoverable for two similar injuries is applicable here.

> " 'Whether or not the legislature is correct in awarding more compensation for one type of injury rather than another is not for the court to say. As was said in *Sampson v. Industrial Com.*, 33 Ill. 2d 301, the legislature "has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible." ' " *Weast Construction Co. v. Industrial Com.* (1984), 102 Ill. 2d 337, 341, quoting *Koesterer v. Industrial Com.* (1970), 45 Ill. 2d 383, 385-86.

Regardless of any anomalous results which may obtain from our reading of section 8(e)(17), we adhere to the admonition in *Freeman United Coal Mining Co. v. Industrial Com.* (1984), 99 Ill. 2d 487, that credits should be interpreted narrowly and should not be extended by implication. The term "member" as used in section 8(e)(17) can be fairly and narrowly read as referring only to body parts listed in section 8(e). We therefore conclude that the circuit court correctly ruled that employer was not entitled to a credit for compensation which claimant received for the 1975 injury.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

WEBBER, P.J., and BARRY, KASSERMAN, and MCNAMARA, JJ., concur.