**Gary FLINT, Respondent,**

**v.**

**AMERICAN CAN COMPANY and Employers Insurance of Wausau, Relators.**

**No. C8–88–510.**

Supreme Court of Minnesota.

July 22, 1988.

Barbara L. Heck, Minneapolis, for relators.

Joseph T. Herbulock, Minneapolis, for respondent.

POPOVICH, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's award of permanent partial disability compensation for a noise-induced hearing loss. We affirm as modified.

Gary Flint (hereinafter employee) started working for the employer as a lift driver in 1961. In 1969, he became a production mechanic, a job that exposed him to hazardous noise levels on a daily basis. Sometime prior to 1984, American Can Company provided hearing protection devices to its employees. Because of problems with hypertension, the employee switched to a less stressful and "much quieter" lift driver job in 1984. American Can Company conducted annual audiometric tests, and in 1985 the employee was told he had a hearing loss. The employee scheduled an appointment with Dr. Hyman Paisner, an otolaryngologist. Following his examination of the employee, Dr. Paisner wrote a report in which he stated:

> [A hearing evaluation] revealed a high tone, bilateral, almost symmetrical hearing loss in both ears but slightly worse in the right ear. The percentage of AAOO loss calculates out to 11.25% in the right ear, 0% in the left ear with a binaural loss of approximately 2%. Actually, I would say his loss is a little higher than

that because of his tinnitus. There is no definite measure of tinnitus, as it is a completely subjective symptom, but I am sure that it affects his hearing at times.

Based upon the report of Dr. Paisner, the compensation judge awarded compensation for a 2% "impairment loss to the audiological system." On appeal the Workers' Compensation Court of Appeals affirmed by majority decision. American Can Company and its workers' compensation liability insurer, Employers Insurance of Wausau, as relators, have appealed from that decision.

1. The relators initially challenge the compensability of the employee's hearing loss. The compensation judge and the Workers' Compensation Court of Appeals concluded that, whether the employee's noise-induced hearing loss may be properly characterized as a *Gillette* injury or occupational disease, where he established a functional loss of use or permanent impairment, he was entitled to permanent partial disability compensation. We agree. *See Moes v. City of St. Paul*, 402 N.W.2d 520 (Minn.1987); *Schroeder v. Highway Services*, 403 N.W.2d 237 (Minn.1987).

2. The relators next contend that the employee's hearing loss evaluation was not made in compliance with the applicable disability schedule. This schedule provides that a "waiting period of at least 3 months shall elapse between the date of the occurrence of the noise injury and the final evaluation of the permanent partial disability." 8 MCAR 1.9004D (1984); Minn. Rules 5223.0040, subp. 4 (1987). The schedule does not distinguish between injury by trauma and injury by long term hazardous noise exposure that has no specific date of injury, and at least one jurisdiction designates the last day of injurious exposure as the date of the injury. *Clark v. Burlington Industries, Inc.*, 78 N.C.App. 695, 700–01, 338 S.E.2d 553, 557, *cert. denied* 316 N.C. 375, 342 S.E.2d 892 (1986). The purpose of the waiting period in injury by trauma is, presumably, to allow for maximum rehabilitation before final evaluation. AMA, *Guides to the Evaluation of Permanent Impairment* 153 (2d ed. 1984).

The relators implicitly argue that the waiting period requirement applies to noise induced hearing loss cases and, further, it should be interpreted so as to require that the employee be removed from hazardous noise during the waiting period. In several states there is a separation-from-noise requirement for recovery of benefits. While the requirement has medical validity because temporary threshold shift (temporary fatigue) is a recognized factor in noise induced hearing loss situations, the primary purpose of the waiting period (which commonly is months in duration) is administrative in nature (*i.e.,* to stem the flood of hearing loss claims). 1B Larson, *The Law of Workmen's Compensation* § 41.50–53 (1987). Research shows that recovery from temporary threshold shift is virtually complete by 16 hours following hazardous noise exposure. Only occasionally does a worker require as much as 10 days. Thus, it has been urged that the waiting period in noise induced hearing loss claims not exceed 10 days. Foder & Oleinick, *Workers' Compensation For Occupational Noise-Induced Hearing Loss: A Review of Science and the Law, and Proposed Reforms,* 30 St. Louis U.L.J. 703, 789 (1986). Additionally, workers should be able to continue working during this waiting period by using hearing protection devices. *Id. See also Clark,* 78 N.C.App. at 699, 338 S.E.2d at 556.

The applicable Minnesota rule does not specifically refer to occupational hearing loss, but a waiting period (of not more than 10 days) in such cases has been recommended. Fodor & Oleinick, *supra,* at 789. In this case, the employee's hearing loss was evaluated on September 4, 1985, by Dr. Paisner who found that the employee had a work-induced hearing loss. The compensation judge assigned September 4, 1985 as the date of injury. He did not address the issue of the waiting period under the disability schedule.

■ The Workers' Compensation Court of Appeals majority concluded that there had been substantial compliance with the waiting period requirement where the compensation judge made the following observation in his memorandum:

> The employee also worked from 1969 to 1984 as a production mechanic in the stamping process. The employee encountered daily noise to a severe degree. The employee wore earplugs on the premises. On July 6, 1984, he changed jobs to a lift driver which lessened the noise activity.

We agree with the Workers' Compensation Court of Appeals majority. Even if the 3–month waiting period requirement does apply and if it should be read to include a removal from hazardous noise requirement, it appears to us that the requirement has been satisfied in this case.

■ 3. Finally, the relators argue that the award of compensation for a 2% whole body loss was not in compliance with 8 MCAR 1.9004E3 and Minn. Rules 5223.-0040, subp. 5.C. These rules provide that a binaural hearing loss of 1.8% to 4.2% translates into a whole body disability of 1%. In this case, the otolaryngologist found that the employee had a 2% binaural hearing loss. The Workers' Compensation Court of Appeals affirmed the compensation judge's finding that the employee had a 2% whole body impairment. We agree with the relators that this finding does not comport with the applicable rules, particularly where the 11.25% rating for monaural hearing loss calculates out to roughly a 2% binaural hearing loss under the rules, thereby indicating that the otolaryngologist report does not contain a mistake.[1] We therefore cor-

---

1. Dr. Paisner found employee's right ear loss to be 11.25%; and the left ear had no loss. Under Minn. Rules 5223.0040, subp. 5.A(6), binaural hearing loss is calculated as follows:

$$\frac{\left(5 \times \begin{array}{c} \text{monaural} \\ \text{hearing loss} \\ \text{of better ear} \end{array}\right) + \left(\begin{array}{c} \text{monaural} \\ \text{loss of} \\ \text{poorer ear} \end{array}\right)}{6} = \begin{array}{c} \text{binaural} \\ \text{hearing} \\ \text{loss} \end{array}$$

$$\frac{(5 \times 0) + .1125}{6} = .01875$$

It should be noted that this disability rating does not take into account the employee's tinnitus which Dr. Paisner accepted as existing but indicated could not be objectively rated for permanent partial disability purposes. An employee would probably still be entitled to temporary benefits if temporarily disabled by the tinnitus.

rect the award of permanent partial disability compensation to reflect compensation for a 1% whole body impairment.

Employee is awarded $400 attorney fees on appeal.

Affirmed as modified.

*See Doloto v. FMC Corp.,* 375 N.W.2d 25 (Minn. 1985).