Herman SMALLEY, Relator
(C1–88–364), Respondent
(C7–88–370),

v.

AMERICAN CAN COMPANY, and Employers of Wausau Insurance, Respondents (C1–88–364), Relators (C7–88–370).

No. C1–88–364, C7–88–370.

Supreme Court of Minnesota.

Sept. 2, 1988.

Joseph T. Herbulock, Minneapolis, for Herman Smalley.

Barbara L. Heck, Minneapolis, for American Can Co.

## OPINION

WAHL, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals reversing a compensation judge's award of permanent partial disability compensation for a noise-induced hearing loss. We reverse and reinstate the decision of the compensation judge.

Since 1964, Herman Smalley (employee) has worked for the American Can Company as a production mechanic, a job which exposed him to hazardous noise on a daily basis. American Can Company supplied its employees with protective hearing devices in the early 1980's. In the spring of 1985, American Can Company conducted audiometric tests and notified the employee that he had a hearing loss. In July, the employee went to "Miracle Ear" and purchased hearing aids. On November 21, 1985, the employee was evaluated for hearing loss by Dr. Gary Garvis, an otolaryngologist. Dr. Garvis stated that the nature of the employee's hearing deficiency was consistent with loss caused by long-term noise exposure. Using the current workers' compensation disability schedule, Dr. Garvis rated the employee's binaural hearing loss at 21.88% which, under the whole body rating, measured at 8%.[1] Based upon the report of Dr. Garvis, the compensation judge awarded compensation for an 8% permanent partial disability to the whole body and reimbursement for the employee's

---

**1.** Dr. Garvis determined employee had a 20.63% hearing loss in the right ear, a 28.13% loss in the left ear, with a binaural loss of 21.88%.

hearing aids. On appeal, the Workers' Compensation Court of Appeals reversed and remanded the matter to the compensation judge for determination of whether the evaluation of the employee's hearing loss complied with the 3 month waiting period in the disability schedule. By separate writs of certiorari, the employee and American Can Company, along with its workers' compensation liability insurer, Employers Insurance of Wausau, have appealed from that decision.

 The questions raised by the parties to this appeal were recently decided in *Flint v. American Can Company*, 426 N.W.2d 190 (Minn.,1988). In *Flint* we held that an employee's noise-induced hearing loss is compensable and that permanent partial disability benefits are payable upon proof of a functional loss of use or permanent impairment. We further held that, assuming the applicable ear disability schedule[2] requires that a final hearing evaluation be conducted at least 3 months after the employee has been removed from hazardous noise, such a requirement is satisfied where the employee uses hearing protection devices during this waiting period. Because the employee in this case established a permanent impairment and used hearing protection devices well over 3 months prior to his final hearing evaluation, pursuant to *Flint*, he is entitled to permanent partial disability compensation for his noise-induced hearing loss. We therefore reverse the decision of the Workers' Compensation Court of Appeals and reinstate that of the compensation judge.

Reversed and decision of the compensation judge reinstated.

The employee is awarded $400 on appeal.

**2.** 8 MCAR 1.9004D (1984); Minn. Rules 5223.-0040, subp. 4 (1987).