BERT MICHALSKI, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (American Nickeloid, Appellee).

Third District (Industrial Commission Division)   No. 3—91—0693WC

Opinion filed June 10, 1992.

Louis L. Bertrand, of Anthony C. Raccuglia & Associates, of Peru, for appellant.

R.J. Lannon, Jr., of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant appeals from an order of the Industrial Commission (Commission) contending it erred in calculating the amount of benefits he was due for the partial hearing loss he suffered in both ears. Claimant argues that benefits should be computed as a percentage of the maximum number of weeks available for complete and total loss of hearing in both ears rather than as a proportion of the lower number of weeks provided for partial disability in each ear.

The facts are undisputed. After striking his head on an I beam while ascending a ladder, claimant suffered a partial hearing loss in both ears. The arbitrator found claimant sustained a 25% loss of hearing in his left ear and a 10% loss of hearing in his right ear. Seventy weeks of compensation were awarded as a proportion of the statutory maximum 200 weeks available for total and permanent loss of hearing in both ears. Claimant was also awarded a 2% loss of "man as a whole" benefits.

The Commission modified the arbitrator's decision, finding that claimant suffered a 27.3% loss of hearing in his left ear and a 12.13% loss of hearing in his right ear. The Commission also concluded that in the absence of total and permanent hearing loss in both ears, benefits were properly calculated on the 50-week statutory maximum available for hearing loss in each ear. Accordingly, the Commission reduced claimant's scheduled award to 19.71 weeks of benefits. The Commission affirmed the arbitrator's finding of 2% loss of "man as a whole." The circuit court confirmed the Commission's decision.

Compensation for hearing loss is a scheduled benefit under section 8 of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, pars. 138.8(e)(14), (e)(16)), which provides:

"14. Loss of hearing of one ear—50 weeks; total and permanent loss of hearing of both ears—200 weeks.

    ***

16. For the permanent partial loss of use of a member *** or hearing of an ear, compensation during that proportion of the number of weeks in the foregoing schedule provided for the loss of such member *** or hearing of an ear, which the partial loss of use thereof bears to the total loss of use of such member *** or hearing of an ear."

Claimant contends that because he suffered a simultaneous hearing loss in both ears, the proportionate share of disability in each ear should be compensated on the basis of 200 weeks, which relates to per-

manent and total loss of hearing in both ears. Respondent counters that the statutory language is unambiguous and 200 weeks of compensation are awarded only when a claimant establishes permanent and total loss of hearing in both ears. In respondent's view, any lesser degree of disability, even if it occurs simultaneously in both ears, must be calculated as a percentage of the maximum 50 weeks allowable for loss of hearing in a single ear. We agree with respondent.

Our research has revealed no Illinois cases concerning this issue. By way of comparison, we note that in some jurisdictions a mathematical formula has been adopted for determining binaural hearing loss when both ears are partially injured. This is usually expressed by the following equation: five times the percentage of monaural hearing loss in the better ear, plus the percentage of monaural hearing loss in the poorer ear, all divided by six. (See *Threlkeld v. Lee Way Motor Freight* (Okla. 1989), 771 P.2d 1012, 1013 n.1; *Flint v. American Can Co.* (Minn. 1988), 426 N.W.2d 190, 192 n.1.) According to those authorities, this formula or equation was apparently adopted from medical standards provided by local physicians, the American Academy of Ophthalmology and Otolaryngology, and the 1977 edition of the American Medical Association's "Guides to the Valuation of Permanent Impairment." (*Threlkeld*, 771 P.2d at 1013.) According to this authority, the amount of binaural hearing loss is not simply a matter of adding together the individual percentage of disability in each ear to arrive at a total. The formula recognizes the physiological fact that hearing in the most impaired ear will be aided by the least impaired ear so that total binaural hearing loss will equal less than the sum of the two separate losses. *Threlkeld*, 771 P.2d at 1013.

Not all jurisdictions, of course, have adopted this formula, and there is no contention that this is the only legitimate or even the most preferable method by which the legislature may provide benefits for this type of injury. The question then becomes what the legislature intended under the plain wording of the statute it enacted. See *Pappas v. Department of Labor & Industries* (1953), 41 Wash. 2d 824, 252 P.2d 311.

In examining the Illinois statute, we adhere to the familiar principles that the cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 73, 285 N.E.2d 129, 130.) In determining that intent, courts should first consider the statutory language. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363, 389 N.E.2d 151, 153.) Where the language is clear, it will be given

effect without resorting to other aids for construction. *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585, 587.

In our view, sections 8(e)(14) and (e)(16) of the Act are clear and unambiguous. Two hundred weeks of disability are to be awarded when a claimant suffers total and permanent loss of hearing in both ears. Permanent but only partial loss of hearing is to be awarded in that proportion of the number of weeks for loss of hearing of *an* ear which the partial loss of use thereof bears to the total loss of use of hearing of *an* ear. Nothing in this language suggests that the legislature intended that a distinction be drawn when an employee suffers a simultaneous partial loss of hearing in both ears as opposed to only a single ear.

Claimant argues, by analogy, that since injuries to other parts of the body, such as fingers, are governed by a statutory provision which states that the listed amount of benefits applies to either the loss of or the permanent and complete loss of the use of the member specified (see Ill. Rev. Stat. 1989, ch. 48, par. 138.8(e)), the same should be true for injuries to the ears. This argument cannot be sustained. The legislature has specifically seen fit to depart from this pattern by providing different maximum awards for loss of hearing based on the degree of disability. This court has previously observed:

> " ' "Whether or not the legislature is correct in awarding more compensation for one type of injury rather than another is not for the court to say. As was said in *Sampson v. Industrial Com.*, 33 Ill. 2d 301, the legislature 'has wide discretion in the exercise of the police power and absolute uniformity of treatment for injuries is impossible.' " ' *Weast Construction Co. v. Industrial Com.* (1984), 102 Ill. 2d 337, 341, quoting *Koesterer v. Industrial Com.* (1970), 45 Ill. 2d 383, 385-86." *Killian v. Industrial Comm'n* (1986), 148 Ill. App. 3d 975, 979, 500 N.E.2d 450, 453.

In view of the unambiguous statutory language, the Commission did not err in determining that benefits for partial hearing loss occurring simultaneously in both ears should be awarded as a proportion of the maximum number of weeks available for injury to a single ear. Accordingly, the judgment of the La Salle County circuit court is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, LEWIS, H., and STOUDER, JJ., concur.